### KOHEN v. KIELEY.

(Supreme Court, Appellate Term.   May 19, 1911.)

1. BROKERS (§ 69*)—COMPENSATION—RIGHT TO, IRRESPECTIVE OF CONTRACT.

Where defendant placed his property in the hands of plaintiff to find a lessee for the same, and plaintiff introduced parties to defendant, to whom he subsequently leased his property on satisfactory terms, plaintiff would be entitled to the value of her services at the usual rate charged by brokers, irrespective of any special agreement as to the amount of her compensation.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 55; Dec. Dig. § 69.*]

2. BROKERS (§ 85*)—ACTIONS FOR COMPENSATION—EVIDENCE—IRRELEVANCY.

Where a broker sued on a contract for commission, claiming that defendant promised her $100 for making the deal, evidence that the defendant voluntarily agreed to pay her a graduated commission upon the gross receipts, amounting to $2,000 or $3,000, and that they were less than $1,200, was inadmissible.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

3. APPEAL AND ERROR (§ 1050*)—PREJUDICIAL ERROR—ADMISSION OF EVIDENCE.

In a broker's suit for commissions for finding a lessee for defendant's hotel, plaintiff relied on an agreement to pay a specific sum. Defendant denied agreeing to pay any specific sum as a commission, but was improperly allowed to testify that he voluntarily agreed to give plaintiff a graduated sum, dependent on the gross receipts amounting to between $2,000 and $3,000, and that they were less than $1,800. *Held*, that the error was prejudicial to plaintiff; the question of the credibility of the parties being involved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4153; Dec. Dig. § 1050.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Celia Kohen against Timothy Kieley.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Abram S. Jaffer, for appellant.

T. C. McKennee, for respondent.

GUY, J.   Plaintiff appeals from a judgment in favor of defendant after a trial by the court without a jury.

Plaintiff testified: That she is a real estate broker, and had previously been employed as a broker by defendant.   That in June, 1910, the defendant came to her place and said: "I have the Waldorf Hotel to rent.   It is too late to rent now.   Maybe you have a party who is willing to take it.   I will rent it to her on commission."   That plaintiff said: "Yes, Mr. Kieley, I will look up; maybe I have a party."   That subsequently she took Mr. and Mrs. Kneidel over to defendant's place and introduced them to him.   That at that time defendant asked plaintiff, "What do you want for your work?"   That plaintiff said, "I want

$150," and defendant said, "I will give you $100." That subsequently defendant rented his place to the Kneidels for 30 per cent. of the receipts, and they afterwards went into possession and ran the hotel. That subsequently she demanded her commission, and defendant told her that he had not yet received any money, and that the amount is still unpaid. Plaintiff's testimony is corroborated by Mrs. Kneidel as to her being introduced to defendant by plaintiff, and as to the making of an agreement with defendant, at which time the plaintiff was present.

Defendant admitted having had a conversation with the plaintiff about her finding a customer for his hotel, but asserted that plaintiff came to him on the sidewalk, instead of his going to plaintiff's place. He admitted, also, that plaintiff previously brought the Kneidels to his place, but testified that the subsequent agreement entered into by him with the Kneidels was made without any services being rendered in that connection by the plaintiff, and denied the making of a special agreement to pay her $100, or any other sum, as commission.

[1] It is established by a clear preponderance of evidence that defendant placed his property in the hands of plaintiff as a broker to find a lessee for the same, that plaintiff introduced the Kneidels to defendant, and that subsequently he disposed of his property to them on terms satisfactory to him. The plaintiff, on these facts established by the evidence, would have been entitled to a verdict for the value of her services at the usual and ordinary rate charged by brokers, irrespective of any special agreement as to the amount of her compensation.

[2] Plaintiff failed, however, to introduce any evidence as to the usual commission charged in such transactions. There remained, therefore, the question whether plaintiff was right in her claim that defendant promised her $100, or whether defendant's denial should be believed. In this state of the case the court allowed defendant, over plaintiff's objection, to testify to an alleged voluntary agreement of Mr. Kieley to pay plaintiff a graduated commission, dependent upon the gross receipts, amounting to from $2,000 to $3,000, and that the receipts were less than $1,800. This evidence was clearly irrelevant. Plaintiff was not suing on any such contract. Defendant did not even claim that it was a binding agreement upon himself, and as it stands on the record it has all the appearance of having been obtruded merely for the purpose of showing the unsatisfactory result of the lease.

[3] When a question involving the credibility of the parties to the litigation is involved, irrelevant testimony of this kind is palpably prejudicial to the party against whom it is offered.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.